## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CHARLES RASO, TRUSTEE OF THE | ) | |
| MASSACHUSETTS BRICKLAYERS AND | ) | |
| MASONS HEALTH AND WELFARE, PENSION | ) | |
| AND ANNUITY FUNDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **C.A. No.:** |
| | ) | |
| NARDUCCI TILE COMPANY, LLC, | ) | |
| NICHOLAS J. NARDUCCI, III and | ) | |
| CHRISTINA M. NARDUCCI, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TOCCI BUILDING CORPORATION; | ) | |
| | ) | |
| Reach and Apply Defendant. | ) | |

## COMPLAINT

### COUNT I
#### (As Against Narducci Tile Company, LLC)

1.      This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., brought on behalf of the Massachusetts Bricklayers and Masons Health and Welfare, Pension and Annuity Funds ("the Funds") for damages and injunctive relief arising from unpaid and delinquent employee benefits contributions owed by Defendant Narducci Tile Company, LLC ("Narducci"), and to reach and apply monies owed to Defendant Narducci by the above captioned Reach and Apply Defendant.

2.      This court has jurisdiction pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1) and venue lies in this district pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

3.      Plaintiff, Charles Raso, is the Trustee of the Funds and is a "fiduciary" within the meaning of Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

4.      The Funds are "multi-employer plans" within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A) and "employee benefit plans" or "plans" within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3).   The Funds have a principal office at and are administered from 645 Morrissey Boulevard, Boston, Massachusetts.

5.      Bricklayers and Allied Craftsmen Local No. 3 Massachusetts, Maine, New Hampshire, Rhode Island ("BAC Local 3") is a "labor organization" within the meaning of 29 U.S.C. § 152(5).

6.      Defendant Narducci is a Rhode Island limited liability company and an "employer" within the meaning of 29 U.S.C. § 1002(5) with a principal place of business at 53 Volturno Street, North Providence, RI 02904.

7.      Nicholas J. Narducci, III is an individual living in Providence, Rhode Island.

8.      Christina M. Narducci is an individual living in Providence, Rhode Island.

9.      Reach and Apply Defendant Tocci Building Corporation ("Tocci"), is a Massachusetts corporation located at 660 Main Street, Woburn, MA 01801.

10.      At all material times, Defendant Narducci has been obligated by the terms of one or more collective bargaining agreements ("CBA") between it and BAC Local 3 and by the terms of the Funds' Agreements and Declarations of Trust, to make employee benefit contributions to the Funds on behalf of certain employees.

11.      Pursuant to said agreements, Defendant Narducci must pay interest, liquidated damages and attorney fees and litigation costs for all delinquent contributions.

12.     Defendant Narducci has failed to make required contributions to the Funds in violation of its agreement and Section 515 of ERISA, 29 U.S.C. § 1145.

13.     As of the date of the filing of this action, Defendant Narducci owes $15,156.24 in delinquent contributions to the Funds.

WHEREFORE, Plaintiff demands that judgment enter against the Defendant Narducci Tile Company, LLC in accordance with Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2):

A.      Awarding the Funds the following amounts:

    i.      the unpaid health, pension and annuity contributions;

    ii.     interest on unpaid health, pension and annuity contributions at a rate of 1.5% per month from the date payment was due;

    iii.    liquidated damages pursuant to the collective bargaining agreements; and

    iv.     all costs and reasonable attorney's fees incurred by the Funds in connection with this action.

B.  Order such other and further relief as this Court may deem just and proper.

### Count II
(as against Nicholas and Christina Narducci)

14.     Plaintiff hereby incorporates by reference as if stated herein paragraphs 1 through 13 of this complaint.

15.     Pursuant to Section 1.15 of each of the Funds' respective Trust Agreements, contributions that are due and owing but not yet paid are defined as "plan assets" of the Funds.

16.     Under ERISA § 3(31)(A), 29 U.S.C. § 1002(21)(A), a person is a fiduciary with respect to an ERISA plan to the extent he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets.

17.     Defendant Nicholas Narducci is the Treasurer and Managing Member of Defendant

Narducci.

18.     Defendant Christina Narducci is the President and Member of Defendant Narducci who executed the CBA between Defendant Narducci and BAC Local 3.

19.     Upon information and belief and at all material times to this action, Defendants Nicholas and Christina Narducci are husband and wife.

20.     Upon information and belief and at all times material to this action, Defendants Nicholas and Christina Narducci exercised control and discretion over the assets of Defendant Narducci including decisions regarding the payment of contributions due and owing by Defendant Narducci to the Funds.

21.     As such, upon information and belief Defendants Nicholas and Christina Narducci are fiduciaries of the Funds, as defined in ERISA § 3(21)(A), 29 U.S.C.A. § 1002(21)(A).

22.     Upon information and belief, at all material times to this action, Defendants Nicholas and Christina Narducci, acting within their discretion as fiduciaries under ERISA, breached their respective duties as a fiduciaries, individually and jointly, when they failed to make benefit contributions that were due and owing to the Funds.

23.     As a result of the breach of their respective fiduciary duties, Defendants Nicholas and Christina Narducci are personally liable for the unpaid contributions owed to the Funds.

WHEREFORE, Plaintiff demands that judgment enter against Defendant Christina Narducci and Nicholas Narducci in accordance with Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2):

A.     Awarding the Funds the following amounts:

    i.     the unpaid health, pension and annuity contributions;

    ii.    interest on unpaid health, pension and annuity contributions at a rate of 1.5% per month from the date payment was due;

4

iii.     liquidated damages pursuant to the collective bargaining agreements; and

iv.     all costs and reasonable attorney's fees incurred by the Funds in connection with this action.

### COUNT III
(As against Reach and Apply Defendant Tocci Building Corporation)

24.     Plaintiff hereby incorporates by reference as if stated herein paragraphs 1 through 23 of this Complaint.

25.     On or about July 2018 to date, Defendant Narducci has been performing masonry work at the Commons at Providence Station in Providence, Rhode Island ("the Commons Project").

26.     At all times material to this action, Reach and Apply Defendant Tocci has been the general contractor on the Commons Project.

27.     At all times material to this action, Defendant Narducci has been the subcontractor of Reach and Apply Defendant Tocci on the Commons Project.

28.     Upon information and belief, Reach and Apply Defendant Tocci owes a sum not known to Plaintiff for work Defendant Narducci performed at the Commons Project.

29.     Upon information and belief, Defendant Narducci has insufficient assets known to Plaintiff to satisfy the delinquent employee benefit contributions owed to the Funds in the amount of $15,156.24.

30.     Plaintiff does not know whether or when the monies owed by Reach and Apply Defendant Tocci to Defendant Narducci will be due or become due.

31.     Plaintiff knows of no other available remedy at law to collect the delinquent contributions owed by Defendant Narducci to the Funds.

WHEREFORE, Plaintiff demands:

A.  That Reach and Apply Defendant Tocci be forthwith restrained and enjoined from selling, transferring, assigning or otherwise disposing of, alienating, or hypothecating the first $15,156.24 of monies due or to become due to Defendant Narducci from Reach and Apply Defendant Tocci.

B.  That a permanent injunction issue restraining and enjoining Defendant Narducci from selling, transferring, assigning or otherwise disposing of, alienating, or hypothecating its interest in the first $15,156.24 of monies due or to become due to Defendant Narducci from Reach and Apply Defendant Tocci, pending further order of this Court;

C.  That the Court order the first $15,156.24 of monies due or to become due from Reach and Apply Defendant Tocci to Defendant Narducci to be paid into Court or to be held in escrow by Reach and Apply Defendant Tocci, pending further order of the Court;

D.  That the Court permit the Plaintiff to reach and apply the first $15,156.24 of monies due or to become due from Reach and Apply Defendant Tocci to Defendant Narducci to any judgment the Plaintiff recovers against Defendant Narducci;

E.  Order such other and further relief as this Court may deem just and proper.


Dated:  September 14, 2018                           Respectfully submitted,

                                                     Catherine M. Campbell, Esq.
                                                     BBO # 549397
                                                     Melissa A. Brennan, Esq.
                                                     BBO # 669489
                                                     Renee J. Bushey, Esq.
                                                     BBO # 629444
                                                     **Feinberg, Campbell & Zack, PC**
                                                     177 Milk Street, Suite 300
                                                     Boston, MA 02109
                                                     (617) 338-1976

                                                     /s/ Catherine M. Campbell
                                                     Attorney for Plaintiff,
                                                     Charles Raso, Trustee

## <u>CERTIFICATE OF SERVICE</u>

I, Catherine M. Campbell, hereby certify that I caused a copy of the foregoing to be mailed this date by certified mail, return receipt requested, to the United States Secretaries of Labor and Treasury.

Dated:  September 14, 2018                    <u>/s/ Catherine M. Campbell</u>
                                              Catherine M. Campbell, Esq.